UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL PARKS,

                Plaintiff,

   -vs-

                                                               DECISION AND ORDER
                                                               No. 05-CV-6590 (CJS)

DICK'S SPORTING GOODS, INC.,

                Defendant.
_____

APPEARANCES

For Plaintiff:                Patrick J. Solomon, Esq.
                               Kimberly A. Nichols, Esq.
                               Dolin, Thomas & Solomon LLP
                               693 East Avenue
                               Rochester, New York 14607

For Defendant:           Edward M. Rossman, Esq.
                               Matthew W. Lampe, Esq.
                               Tonya B. Braun, Esq.
                               Jones Day
                               41 South High Street, Suite 1900
                               Columbus, Ohio 43215

                               Steven T. Catlett, Esq.
                               Jones Day
                               77 W. Wacker, Suite 3500
                               Chicago, Illinois 60601

                               Paul J. Yesawich, III, Esq.
                               Daniel J. Moore, Esq.
                               Harris Beach LLP
                               99 Garnsey Road
                               Pittsford, New York 14534

INTRODUCTION

This is a proposed class action purportedly brought pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York State Labor Law, "and the laws of the various [other] States in which defendant does business." Now before the Court is defendant's motion [#4] for partial judgment on the pleadings, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c), alleging that the sole named plaintiff, Daniel Parks ("plaintiff"), who was employed by defendant in the State of New York, lacks standing to sue for violations of the laws of other states. For the reasons that follow, the application is granted.

BACKGROUND

Unless otherwise noted, the following are the undisputed facts of this case. Plaintiff was formerly employed as a PGA Golf Professional by Dick's Sporting Goods in the State of New York. Plaintiff claims that he and other PGA Golf Professionals employed by defendant were not paid time and one-half for hours that they worked in excess of 40 hours per week. In this regard, plaintiff alleges that defendant willfully misclassified the golf professionals as "exempt" employees so that it would not have to pay them overtime. Plaintiff commenced this lawsuit as a proposed class action, purporting to sue "on behalf of himself and all other employees similarly situated." As previously mentioned, the complaint purports to assert claims under the FLSA, the New York State Labor Law, "and the laws of the various states in which defendant does business." Defendant filed its answer to the complaint, and simultaneously, filed the subject motion for partial judgment on the pleadings. No motion for class certification has been filed.

ANALYSIS

When addressing a motion for judgment on the pleadings under Rule 12(c), a court must " apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party", and "may dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) (citation and internal quotation marks omitted), *cert. den.*, 531 U.S. 1052, 121 S.Ct. 657 (2000).

The issue before the Court is whether plaintiff, the sole named plaintiff in this proposed class action, has standing to assert claims arising under the laws of states in which he was never employed by defendant. The applicable principles of law are well settled:

> "In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III. This is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). . . . To meet the Article III standing requirement, a plaintiff must have suffered an "injury in fact" that is "distinct and palpable"; the injury must be fairly traceable to the challenged action; and the injury must be likely redressable by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) (internal quotation marks omitted).

*Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. Mar. 31, 2006) (some citations omitted). Moreover, "[t]he filing of suit as a class action does not relax this jurisdictional requirement. "*Id*.

In a proposed class action, it is the named plaintiffs who must demonstrate that they have standing to pursue the claims alleged in the complaint. *Doe v. Blum*, 729 F.2d 186, 190 n. 4 (2d Cir. 1984) ("The class action allegation adds nothing to the standing inquiry since the *named plaintiffs* must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (emphasis added, internal quotation marks omitted) (*citing, Warth v. Seldin*, 422 U.S. 490, 502, 95 S.Ct. 2197, 2207 (1975) and *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 675 (1974)); *see also, Comer v. Cisneros*, 37 F.3d 775, 788 (2d Cir. 1994) ("For federal courts to have jurisdiction over any of these claims, only one *named plaintiff* need have standing with respect to each claim.") (emphasis added) (*citing Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 263-64, 97 S.Ct. 555, 562 (1977)).

Applying the foregoing principles of law to the facts of this case, the Court finds that the plaintiff, Daniel Parks, lacks standing to assert state-law claims arising under the laws of states other than New York, since he was never employed by defendant anywhere other than New York. Plaintiff, however, contends that the Court is not permitted to rule on defendant's motion to dismiss for lack of standing, until after it rules on a yet-to-be-filed motion for class certification. In that regard, plaintiff relies on the case of *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295 (1999), in which the Supreme Court stated, in relevant part:

> Ordinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits. But the class certification

> issues are, as they were in *Amchem* [*Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997)], 'logically antecedent' to Article III concerns, and themselves pertain to statutory standing , which may properly be treated before Article III standing.

(citations omitted).  Courts are divided as to whether this statement in the *Ortiz* decision requires that, in *all* putative class action cases, challenges to standing are to be decided after the motion for class certification. *See generally*, Linda S. Mullenix, *Standing*, 6/16/03 Nat'l L.J. 17, (Col. 1); Linda S. Mullenix, *Standing and Other Dispositive Motions after Amchem and Ortiz: The Problem of "Logically Antecedent" Inquiries*, 2004 Mich. St. L. Rev 703 (2004).  Some courts appear to have held that this is exactly what *Ortiz* means. *See, e.g., Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002) ("We have begun our analysis with the question of class certification, mindful of the Supreme Court's directive to consider issues of class certification prior to issues of standing.")  Other courts, however, maintain that, in class actions generally, the issue of standing should be decided first, and that *Ortiz* created only a "a limited exception for suits in which the class certification issues are 'logically antecedent to the existence of any Article III issues.'" *Rivera v. Wyeth-Ayerst Laboratories*, 283 F.3d 315, 319, n. 6 (5th Cir. 2002); *Easter v. American W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) ("Although the court in [*Ortiz v.*] *Fibreboard* examined class issues before the question of Article III standing, it did so in the very specific situation of a mandatory global settlement class. *Fibreboard* does not require courts to consider class certification before standing.").

This Court agrees with the reasoning of the latter group of cases cited, and finds that it may properly consider the motion to dismiss now, as opposed to waiting until after ruling on a motion for class certification.  At the outset, the Court does not read

5

*Ortiz* to state a general rule. *See, Ortiz v. Fibreboard Corp.*, 527 U.S. at 831 ("[T]he class certification issues are, as they were in *Amchem* [*Prods., Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997)], 'logically antecedent' to Article III concerns, and themselves pertain to statutory standing".) If the Supreme Court had meant to say that class certification issues were always logically antecedent to issues of standing, this Court fails to see why it would have mentioned the similarity of the *Ortiz* case to the *Amchem* case, both being extremely complex asbestos litigation cases in which similar issues of standing and class certification were raised. Moreover, even if *Ortiz* did state a general rule, the Court believes that it would be inapplicable here since there is no motion for class certification presently pending. *See, e.g.*, 1 NEWBERG ON CLASS ACTIONS § 2:1 (4th ed.) ("In *Ortiz v. Fibreboard Corp.*, the Supreme Court noted that when questions of *both Article III jurisdiction and class certification are presented*, the class certification questions, at times, 'should be treated first because class certification issues are 'logically antecedent' to Article III concerns and pertain to statutory standing which may properly be treated before Article III standing.'") (emphasis added). Additionally, since, as discussed above, when considering standing, the Court must look at the named plaintiff or plaintiffs, not the unnamed class members, and since here, there is just one named plaintiff, who lacks either statutory or Article III standing to sue for violations of state laws other than those of New York, the Court fails to see what impact a motion for class certification would have on the pending motion.

CONCLUSION

Defendant's motion [#4] for partial judgment on the pleadings is granted as to plaintiff's claim pursuant to the laws of states other than New York State.

So Ordered.

Dated: Rochester, New York
      June 15, 2006

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge