UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL PARKS, on behalf of himself
and other employees similarly situated, et al

                              Plaintiffs,        DECISION AND ORDER
                                                    05-CV-6590 CJS
vs.

DICK'S SPORTING GOODS, INC.,

                              Defendant.
_____

APPEARANCES

| | |
|---|---|
| For plaintiffs: | Patrick J. Solomon, Esq. |
| | Kimberly A. Glennon, Esq. |
| | Cristina A. Bahr, Esq. |
| | Dolin, Thomas & Solomon LLP |
| | 693 East Avenue |
| | Rochester, New York 14607 |
| For defendant: | Edward M. Rossman, Esq. |
| | Matthew W. Lampe, Esq. |
| | Tonya B. Braun, Esq. |
| | Jones Day |
| | 41 South High Street, Suite 1900 |
| | Columbus, Ohio 43215 |
| | |
| | Steven T. Catlett, Esq. |
| | Jones Day |
| | 77 W. Wacker, Suite 3500 |
| | Chicago, Illinois 60601 |
| | |
| | Paul J. Yesawich, III, Esq. |
| | Daniel J. Moore, Esq. |
| | Harris Beach LLP |
| | 99 Garnsey Road |
| | Pittsford, New York 14534 |

INTRODUCTION

This is an action pursuant to, *inter alia*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* brought by and on behalf of Professional Golfers' Association of America ("PGA") Golf Pros ("plaintiffs") now or formerly employed by defendant Dick's Sporting Goods ("defendant"), in which plaintiffs contend that they were not paid overtime for time worked in excess of forty hours per week as required by 29 U.S.C. § 207(a)(1). Now before the Court are defendant's Objections [#66] to a Decision and Order [#64] of the Honorable Jonathan W. Feldman, United States Magistrate Judge, which granted plaintiffs' motion [#40] for conditional certification and expedited notice to potential class members pursuant to 29 U.S.C. § 216(b). For the reasons that follow, defendant's objections are denied.

FACTUAL BACKGROUND

During the relevant period at issue in this case, defendant employed PGA Golf Pros in its retail sporting goods stores. Defendant classified the Golf Pros as exempt from the FLSA's mandatory overtime pay requirements, and did not pay them overtime for hours worked in excess of forty hours per week. Plaintiffs contend that defendant intentionally mis-classified them as exempt employees to avoid having to pay them overtime.

On August 10, 2006, plaintiffs filed the subject motion [#40] for expedited notice to potential class members. Plaintiffs contend that potential class members are "similarly situated," and therefore are entitled to class-wide expedited notice. In support of their application, plaintiffs submitted proof, in the form of numerous affidavits from Golf Pros formerly employed by defendant, that the PGA Golf Pros employed at

defendant's various retail outlets during the relevant period were treated in accordance with a centralized policy, and had similar job duties that included sales, customer service, stocking, merchandising and inventory. The Golf Pros also indicate that they supervised fewer than two employees. According to plaintiffs, such job duties indicate that the Golf Pros should have been classified as non-exempt.

Plaintiffs have also submitted evidence that defendant eventually re-classified the Golf Pros as non-exempt employees, to more accurately reflect their job duties. In that regard, prior to March 2005, plaintiffs were classified as exempt under the FLSA. In or about July 2004, however, defendant began looking at various job categories within its stores, because it believed that there were "a number of positions that [were] inappropriately categorized as exempt." (Victorelli Dep. pp. 40-41). In March 2005, defendant re-classified the Golf Pros as non-exempt, "to more accurately reflect the type of work performed in [those] positions." According to defendant, it re-classified the Golf Pros because it "knew that they were being utilized in a number of different ways across the organization, . . . And decided to maybe play it conservative." (*Id*. at 38). The Golf Pros were the only employees re-classified as non-exempt.

In opposition to the motion, defendants argue that class-wide notice is inappropriate because defendant's Golf Pros are not "similarly situated." Specifically, defendant indicates that "the day-to-day job duties of PGA Golf Professionals in the field varied widely." (Def. Memo of Law [#51] p. 2). For example, while one of the plaintiffs indicated that, as a Golf Pro, he was just a "glorified stock boy," defendants contend that other Golf Pros conducted job interviews, hired, trained and disciplined sales associates, and "played a key role in promoting sales and planning sales

strategies." (*Id.*). On this point, defendant has submitted a number of affidavits from store Golf Pros describing their job duties in those terms. Defendant further states that during the relevant period it had no standardized job description for Golf Pros, and instead, it "left it to individual Store Managers, along with their District Managers, to determine the day-to-day duties of their respective PGA Golf Professionals." (*Id*. at 5). Defendant contends that because there was such a variation in duties, "the merits of [plaintiffs'] 'group' claims could be resolved only through a detailed, person-by-person investigation of the daily job functions of each opt-in," making a collective action inappropriate. (*Id.* at 26).

Defendant further indicates that its decision to re-classify the Golf Pros as non-exempt should not be taken to mean that all or most of the Golf Pros were previously mis-classified. To the contrary, defendant contends that its decision to re-classify the Golf Pros actually strengthens its argument that a collective action is inappropriate, since the decision was based on a finding that its Golf Pros did not all share the same job duties. That is, defendant maintains that it took a conservative approach and re-classified all Golf Pros as non-exempt, because it would have been "wholly impractical to perform a case-by-case assessment of each PGA Golf Professional's job duties, given the large number" of them. (*Id*. at 8).

STANDARDS OF LAW

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(A), this Court may review non-dispositive matters previously decided by a magistrate judge and set them aside if they are clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2002). A finding is clearly erroneous if,

"although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). The instant application involves a non-dispositive matter, therefore the Court must apply the foregoing standard.

Plaintiffs' motion seeks conditional certification of this action as a collective action under 29 U.S.C. § 216(b) for purposes of giving expedited notice to potential class members. As explained in *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (Larimer, J.):

> The Second Circuit has held that a district court has the power to order that notice be given to other potential members of a plaintiff class under the opt-in provisions of the FLSA. *See Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir.1978) (*per curiam*), *cert. denied*, 441 U.S. 944 (1979)[.] Although the FLSA does not contain a class certification requirement, such orders are often referred to in terms of "certifying a class." The analysis is in some respects similar to that used in class actions, however, in that the court has to decide whether there is a sufficient showing of "similarly situated" employees, and to whom the notice should be sent.

*Scholtisek*, 229 F.R.D. at 387 (citations omitted). Certification of a collective action under 29 U.S.C. § 216(b) is a two-step process:

> In the first step, the court examines the pleadings and affidavits of the proposed collective action and determines whether the proposed class members are "similarly situated." If the court finds that the proposed class members are similarly situated, the court "conditionally certifies" the class. Putative class members are given notice and the opportunity to "opt in" and the action proceeds as a representative action throughout discovery.
>
> In this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate. At the notice stage, courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination. To demonstrate that other potential plaintiffs are similarly situated to him, then, a plaintiff must make only a modest factual showing sufficient to demonstrate that he and potential plaintiffs together were victims of a common policy or plan that

5

> violated the law. A plaintiff's burden at this stage is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one.
>
> The second phase of an FLSA collective action inquiry occurs after discovery is largely complete and is typically precipitated by a motion for "decertification" by the defendant. At this stage, the court makes a factual finding on the "similarly situated" issue, based on the record produced through discovery. If the court finds that the claimants are similarly situated, the collective action may proceed to trial. If the claimants are not similarly situated, the court decertifies the class, and the claims of the opt-in plaintiffs are dismissed without prejudice. The class representatives then proceed to trial on their individual claims.

*Id.* at 387 (citations and internal quotation marks omitted). In *Scholtisek*, the court noted that where, as here, the plaintiffs are claiming that they were wrongfully denied overtime as a result of being incorrectly classified as exempt, "the purported class members' job duties, and any dissimilarities among them, will often be relevant to whether the employees are similarly situated for purposes of the FLSA, insofar as their job duties relate to whether they were correctly classified as exempt from the FLSA's overtime requirements." *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 389 (W.D.N.Y. 2005).

Applying these applicable principles of law, the Court finds that defendant's objections must be denied. At the outset, it is undisputed that plaintiff's motion is "for 'stage one' notification under the FLSA." (Decision [#64] p. 1).[1] Accordingly, Magistrate

---

[1] Defendant appears to argue, in its Objections, that the Magistrate Judge should have applied a higher standard, akin to that usually reserved for the second stage of the certification analysis, since a certain amount of discovery has already taken place in this case. (Objections [#66] p. 6) ("Where, as here, the parties have conducted an initial period of certification-related discovery that reveals substantial and material differences among putative class members, deferring consideration of this evidence serves only to subject the Court and the defendant to the needless time and expense of additional class litigation."). Clearly, in its opposition papers, defendant discussed the evidence generated to date through discovery in this case, and argued that it revealed differences among the duties of the Golf Pros that makes this case unsuited for collective treatment. However, plaintiff did not argue for a higher standard, but rather acknowledged that plaintiff's motion is a "first stage" motion, pursuant to which plaintiff must make only a

6

Judge Feldman correctly applied the "relatively lenient evidentiary standard" discussed above. Moreover, having reviewed the entire record, the Court finds that Magistrate Judge Feldman's decision, finding that plaintiffs have satisfied that standard, is neither clearly erroneous or contrary to law. *See, e.g., Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The plaintiffs rely, as they are entitled to do at this stage of the proceedings, on the pleadings and their own declarations. Plaintiffs have easily made the modest showing that is required of them at this preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class."). Defendant, on the other hand, has shown, based upon a very small sampling of the proposed class, that some of defendant's Golf Professionals performed tasks that might qualify them as exempt under the FLSA. This showing, however, does not require the denial of plaintiffs' application. *See, Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316(PAC), 2006 WL 2819730 at *10 (S.D.N.Y. Sep. 29, 2006) ("Plaintiffs have amply shown that they were subject to a common practice or scheme that violated the law. Thus, the Court finds that issues related to potential disparate factual and employment settings do not defeat Plaintiffs' valid basis for moving forward with [a] collective action.") (citations and internal quotation marks omitted).

Although defendant has cited a number of cases in which district courts denied

---

"modest factual showing." (Def. Memo of Law [#51] p. 29). Accordingly, to the extent that defendant may now be arguing that Judge Feldman should have treated this as a second stage motion, the objection is denied. In any event, the Court understands that defendant's primary argument is that plaintiffs do not meet even the low standard reserved for stage one motions.

conditional certification because they found that class certification would require a fact-specific inquiry into potential class members' job duties, the Court declines to follow them. Rather, the Court finds, as Magistrate Judge Feldman did, that such considerations should be addressed later, at the second stage of the certification analysis. (Decision [#64] p. 4) ("Whether the proof will ultimately support anything more than conditional certification is not at issue at this time. . . . [T]he fact that there may be variation in job duties or, that upon closer inquiry, it may turn out that some golf professionals in some stores are not similarly situated for purposes of a collective action, does not mean that <u>conditional</u> certification must be denied at this juncture of the litigation.") (emphasis in original; citations omitted).

## CONCLUSION

Defendants' objections [#66] to the Magistrate Judge's Decision and Order [#64] are denied, and the Court affirms the Decision and Order [#64] in all respects.

SO ORDERED.

Dated:   March 21, 2007
         Rochester, New York

                                ENTER.


                                /s/ Charles J. Siragusa
                                CHARLES J. SIRAGUSA
                                United States District Judge