UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------ X

| | |
|---|---|
| DANIEL PARKS, et al., ) | No. 05-CV-6590CJS |
| ) | |
| ) | Judge: Hon. Charles J. Siragusa |
| ) | |
| ) | Magistrate:   Hon. Jonathan W. Feldman |
| Plaintiffs, ) | |
| ) | |
| -against- ) | |
| ) | |
| DICK'S SPORTING GOODS, INC., ) | |
| Defendant. | |

------------------------------------------------------ X

### ORDER CONFIRMING CERTIFICATION OF CLASS/COLLECTIVE ACTION AND GRANTING FINAL APPROVAL TO SETTLEMENT, AND GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, AND GRANTING PLAINTIFFS' MOTION FOR SERVICE PAYMENTS

On July 27, 2009, the parties to this action entered into a Settlement Agreement, and on September 1, 2009 they applied for preliminary approval of that agreement and the terms thereof. On October 16, 2009, this Court granted preliminary approval to the Settlement Agreement and provisionally certified the New York Class under Rule 23 of the Federal Rules of Civil Procedure. (Previously, the Court had provisionally certified the FLSA Class under 29 U.S.C. § 216(b).) As required by Rule 23, this Court subsequently directed that notice of the Settlement Agreement, its terms, and the applicable procedures and schedules be provided to proposed members of the New York Class. As also required by Rule 23, all New York Class Members were given an opportunity to object to the settlement and/or opt out of it.

On January 8, 2010, the parties jointly filed a Motion for Order Confirming Certification of the New York Class and the FLSA Class and Granting Final Approval of the Settlement ("Final Approval Motion"). This Court held a hearing on that motion on January 15, 2010.

And on January 8, 2010, Plaintiff Daniel Parks ("Plaintiff") filed a Motion for an Award of Attorneys Fees and Reimbursement of Costs and a separate Motion for Award of Service Payments. Defendant did not oppose either motion, which the Parties agree are to be considered by the Court separately from the Final Approval Motion. This Court held a hearing on Plaintiff's separate motions on January 15, 2010.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Settlement

COI-1433694v2

Agreement, the Final Approval Motion, as well as the Parties' briefs, declarations, and oral arguments in support of that motion, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over all Parties.

3. This Court confirms as final its provisional certification of the New York Class, as defined in the Settlement Agreement, and in Section I of the Court's October 16, 2009 Order, for purposes of settlement and based on the findings in Section II of the Court's October 16, 2009 Order.

4. The Court confirms as final the appointment of Plaintiff Daniel Parks as class representative of the New York Class. The Court likewise confirms as final the appointment of Patrick J. Solomon, J. Nelson Thomas, and Annette Gifford of Thomas & Solomon LLP as Class Counsel for the New York Class. This same firm is Class Counsel for the FLSA Class.

5. The Court confirms as final its provisional designation of the FLSA Class as an FLSA collective action, for purposes of settlement. The Court finds that certain individuals (including Plaintiff) have opted in to this Class, and that these individuals are similarly situated for purposes of settlement.

6. If, for any reason, this Order and the final judgment entered concurrently herewith do not become Final, this Order, including the certification of the New York Class under Rule 23 and the grant of final certification to the FLSA Class under 29 U.S.C. § 216(b), shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

7. The Notice, Opt-Out Statement, and Claim Form and Individual Release given to the New York Class Members, pursuant to this Court's October 16, 2009 Order, constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

8. This Court grants final approval to the Settlement Agreement and the settlement set forth therein. The Court finds that the settlement is fair, reasonable, and adequate in all respects and that it is binding on Parks, the other members of the FLSA Class (except for Gregory Nordone and Edgar Wilhoite), and all New York Class Members who did not timely opt out pursuant to the procedures set forth in this Court's October 16, 2009, Order and the Settlement Agreement. A list of New York Class Members who timely opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of the plaintiffs

and defendant, after thorough factual and legal investigation.

9.  The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which Settlement Payments are to be calculated and made to Parks, the members of the FLSA Class, and New York Class Members filing timely claims are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedure set forth in the Settlement Agreement. The Court finds that the reserve set aside for the costs of settlement administration is reasonable and is approved.

10. By operation of the entry of this Order, all claims described in Section 5.1 of the Settlement Agreement, in Section 5 of the Confidential Agreement and Individual Release executed by Parks and each member of the FLSA Class (other than Gregory Nordone and Edgar Wilhoite), and in the Claim Form and Individual Release executed by members of the New York Class are fully, finally and forever released, relinquished and discharged. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA and all other applicable law.

11. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Parks, the FLSA Class, and/or the New York Class, individually or collectively, liability being expressly denied by Defendant.

12. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement.

FURTHERMORE, IT IS HEREBY ORDERED, upon consideration of Plaintiff Daniel Parks' Motion for An Award of Attorneys' Fees and Reimbursement of Costs, as well as Plaintiffs' brief, declarations, and oral argument in support of that motion, as follows:

13. An award of attorneys' fees and reimbursement of costs in the total amount of $500,000 which represents 40% of the total settlement amount is approved. Such award is reasonable in light of the effort expended and risks undertaken by Class Counsel, and the results of such efforts including the ultimate recovery obtained.

FINALLY, IT IS HEREBY ORDERED, upon consideration of Plaintiff Daniel Parks' and Plaintiff James Premick's Motion for An Award of Service Payments, as well as their brief, declarations, and oral argument in support of that motion, as follows:

14. The service payment to Daniel Parks in the amount of $100,000.00 and the service payment to James Premick, in the amount of $5,000.00, together totaling $105,000.00 are approved. Together, such service payments represent 8.4% of the total settlement amount and are in addition to the amounts Parks and Premick will otherwise receive as their share of the recovery. Such service payment is to compensate Parks and Premick for the personal risks borne in bringing the litigation and for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery.

DATED: Jan. 28, 2010

_____
Hon. Charles J. Siragusa
United States District Judge